FILED
2025 JUL 31 PM 1:16
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

RODERICK MARTIN GRANT,
Plaintiff,
v.
WESTERN GOVERNORS UNIVERSITY,
Defendant.

Case: 2:25-cv-00631
Assigned To : Pead, Dustin B.
Assign. Date : 7/31/2025

COMPLAINT
(Section 504 of the Rehabilitation Act, 29 U.S.C. § 794;
Title VI of the Civil Rights Act, 42 U.S.C. § 2000d)

---

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331, as this action arises under federal law: Section 504 of the Rehabilitation Act and Title VI of the Civil Rights Act.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391, as the Defendant is headquartered in Utah and the relevant decisions were made through operations within this district.

---

## II. PARTIES

3. Plaintiff is a student with disabilities who applied for and sought accommodations from the Defendant institution.

4. Defendant Western Governors University ("WGU") is a private, nonprofit online university headquartered in Utah. WGU receives federal financial assistance and is subject to Section 504 and Title VI.

---

## III. STATEMENT OF FACTS

5. In early 2025, Plaintiff applied for disability accommodations from WGU after experiencing difficulties related to autism, ADHD, psychological trauma, and depressive episodes.

6. Plaintiff submitted formal documentation from a licensed psychiatrist in Bangkok, Thailand, listing those diagnoses. WGU rejected this documentation solely because the psychiatrist did not complete WGU's internal verification form.

7. Plaintiff's psychiatrist then requested that he obtain a WAIS-5 neuropsychological evaluation before completing the university's form.

8. Plaintiff promptly began the process of scheduling and undergoing this test through a separate hospital. Due to logistical constraints in Thailand, this process required additional time.

9. Plaintiff informed WGU of the ongoing process and asked for reasonable time to submit the results.

10. Before Plaintiff could provide the WAIS-5 results or finalize documentation, WGU closed the accommodation request and removed him from the program.

11. WGU took these actions despite knowing Plaintiff was actively working to meet their requirements.

12. WGU failed to engage in a good-faith interactive process. Their conduct demonstrated procedural inflexibility and deliberate indifference.

13. Plaintiff contacted WGU repeatedly, including offering to resolve the matter informally. WGU responded only after litigation and OCR complaint filings were referenced.

14. WGU's dismissal of valid international documentation and failure to accommodate caused Plaintiff academic exclusion and psychological harm.

15. Plaintiff contends that these actions constitute discrimination on the basis of both disability and national origin.

---

## IV. CLAIMS FOR RELIEF

**Count I** – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

16. Plaintiff re-alleges paragraphs 1–15.

17. Plaintiff is a qualified individual with a disability.

18. WGU had actual knowledge of Plaintiff's disability and failed to provide reasonable accommodations.

19. These actions caused Plaintiff to be excluded from equal participation in WGU's educational programs.

20. Under A.J.T. v. Osseo Area Schools (2025), WGU's conduct meets the deliberate indifference standard.

**Count II** – Violation of Title VI of the Civil Rights Act (42 U.S.C. § 2000d)

21. Plaintiff re-alleges paragraphs 1–15.

22. WGU receives federal financial assistance and is subject to Title VI.

23. WGU rejected documentation from a foreign-trained, licensed psychiatrist solely based on its origin.

24. This practice disproportionately harms international and expatriate students and constitutes national origin discrimination under Title VI.

**Count III** – Retaliation under Section 504

25. Plaintiff re-alleges paragraphs 1–15.

26. Plaintiff engaged in protected activities by disclosing his disability and filing a federal OCR complaint.

27. WGU responded by closing Plaintiff's accommodation request and removing him from the university.

28. These actions materially interfered with Plaintiff's access to education and violated Section 504.

---

## V. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Declare that Defendant violated Section 504 and Title VI;
B. Order injunctive relief requiring WGU to provide retroactive and prospective accommodations;
C. Award compensatory damages for emotional, educational, and economic harm;
D. Award attorneys' fees and costs;
E. Grant any further relief the Court deems just and proper.

---

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

---

## VII. NOTICE OF INTENT TO SEEK COUNSEL

Plaintiff is currently proceeding pro se but is actively seeking legal representation. Plaintiff respectfully requests that the Court take this into account in managing deadlines and permits amendment of pleadings as necessary upon retention of counsel.

---

## VIII. Precedent and Enforcement History

29. In **OCR Case No. 08-17-2133**, Western Governors University (WGU) was found in violation of Section 504 for failing to provide approved accommodations to a student. A Resolution Agreement was signed to ensure future compliance.

30. In **OCR Case No. 08-22-2144**, WGU entered another Resolution Agreement with the U.S. Department of Education's Office for Civil Rights concerning accommodation policy reforms and mandatory staff retraining.

31. The Supreme Court's decision in **A.J.T. v. Osseo Area Schools**, 603 U.S. ___ (2025), clarified that "deliberate indifference" is the appropriate standard to establish liability under Section 504 of the Rehabilitation Act, lowering the evidentiary burden for plaintiffs like Mr. Grant.

32. In **T.W. v. New York State Board of Law Examiners**, 996 F.3d 87 (2d Cir. 2021), the Second Circuit held that a school's refusal to accept international medical documentation—without engaging in a case-specific, individualized review—constituted a violation of Section 504.

33. In **Doe v. Columbia University**, 831 F.3d 46 (2d Cir. 2016), the court emphasized that retaliatory actions taken after a student engages in protected activity (such as filing a disability complaint) can support claims under federal civil rights laws.

34. In **Zukle v. Regents of the University of California**, 166 F.3d 1041 (9th Cir. 1999), the Ninth Circuit reaffirmed that institutions receiving federal funding must provide reasonable accommodations to students with disabilities unless such accommodations would fundamentally alter the academic program.

35. These findings and legal precedents collectively reinforce WGU's obligations under federal law and support Plaintiff's claims of discrimination, retaliation, and exclusion from educational access in violation of Section 504 and Title VI.

Respectfully submitted,

/s/ Roderick Martin Grant
Roderick Martin Grant
111/207 Hasu Haus Sukhumvit 77 Watthana Phra Khanong Nuea Bangkok 10110
grant.rod5@gmail.com
+1-516-787-5338
Dated: July 31, 2025