# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **RODERICK MARTIN GRANT,**<br><br>Plaintiff,<br><br>v.<br><br>**WESTERN GOVERNORS UNIVERSITY,**<br><br>Defendant. | **AMENDED MEMORANDUM DECISION & ORDER**[1]<br><br>Case No. 2:25-cv-00631<br><br>District Court Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff Roderick Martin Grant (Plaintiff), proceeding pro se, filed his action against Defendant Western Governors University (Defendant) on July 31, 2025.[2] In his complaint, Plaintiff brings claims for violations of Section 504 of the Rehabilitation Act[3] and Title VI of the Civil Rights Act.[4] Currently pending before the court, is Plaintiff's Motion to Permit Remote Deposition,[5] Plaintiff's Motion for Mediation[6] and Plaintiff's Motion for Extension of Time.[7] Each motion is addressed in further detail below.

---

[1] The court issues an Amended Order to address the failure to include Plaintiff's Motion to Permit Remote Deposition (ECF No. 18) and Motion for Mediation (ECF No. 19) on the docket summary (ECF No. 28) and to correct the case caption to include Judge Kimball as the presiding judge.

[2] ECF No. 1, Complaint.

[3] 29 U.S.C. § 794.

[4] 42 U.S.C. § 2000d.

[5] ECF No. 18, Plaintiff's Motion for Protective Order to Permit Remote Deposition.

[6] ECF No. 19, Plaintiff's Motion for Mediation.

[7] ECF No. 22, Plaintiff's Motion for Thirty Day Extension of Time to Serve Discovery.

1

### I.   Motion to Permit Remote Deposition

Plaintiff currently lives in Bangkok Thailand.[8] Defendant noticed Plaintiff for a November 14, 2025, in-person deposition in Salt Lake City, Utah. In response, Plaintiff filed a motion for protective order requesting that his deposition be taken remotely from Thailand via "secure video conference."[9] As support for his request, Plaintiff indicates he is a qualified individual with a disability and international travel will "impose extreme financial and logistical hardship" upon him.[10]

Federal Rule of Civil Procedure 26 provides the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."[11] In order to make the requisite showing of good cause, "the party seeking protection bears the burden of showing good cause for its issuance."[12] The court has broad discretion in determining "when a protective order is appropriate and what degree of protection is required."[13] Additionally, Federal Rule 30(b)(4) states that the court "may on motion order . . . that a deposition be taken by telephone or other remote means."[14] In authorizing remote depositions under Rule 30, courts recognize that remote communications can provide an

---

[8] ECF No. 18 at 8, Declaration of Roderick Martin Grant at ¶ 8.
[9] *Id.* at 3.
[10] *Id.* at 5.
[11] Fed. R. Civ. P. 26.
[12] *Adams v. Sunbeam Products,* 2003 U.S. Dist. LEXIS 27354, at *14 (D. Kan. Sept. 9, 2003).
[13] *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 36, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).
[14] Fed. R. Civ. P. 30(b)(4).

"effective and efficient means of reducing [litigation] costs."[15] On the other hand, courts also recognize the disadvantages of remote depositions. These include the difficulty remote depositions have in referencing outside materials and the limitations that are placed on "counsel's ability to assess [the] demeanor and creditability" of a remote witness.[16] Generally, courts require in-person depositions where the deponent is a "key witness whose testimony and credibility are central to the case."[17]

Upon review, the court finds that Plaintiff has not met his burden of establishing good cause to support his motion for remote deposition. Plaintiff indicates he is a qualified individual with a disability, but fails to explain how his disability affects his ability to travel to Utah for an in-person deposition. Further, while cost and inconvenience are factors to be weighed in considering Plaintiff's motion, the court must also ensure a fair format for the deposition. Here, the court agrees that Defendant would be prejudiced if Plaintiff is not required to appear in-person. Plaintiff made the decision to bring this litigation, has been actively involved in the case, is a named party, and seeks damages of up to $3,538,925.00.[18] Given the nature of the claims and the amount at issue, it is important for Defendant to be able to directly observe Plaintiff's demeanor and to assess his credibility in person.

---

[15] *Carrico v. Samsung Elecs. Co., Ltd.,* 2016 U.S. Dist. LEXIS 44841, at *3 (N.D. Cal. Apr. 1, 2026) (unpublished).

[16] *Williams v. Camden USA Inc.*, 2021 U.S. Dist. LEXIS 133085, at *8 (S.D. Cal. July 16, 2021).

[17] *Id.*

[18] ECF No. 20 at 2, Defendant's Response to Motion for Protective Order.

For these reasons, Plaintiff's Motion for Protective Order to appear remotely for his November 14, 2025 deposition is DENIED.[19]

## II.     Motion for Mediation

Pursuant to Federal Rule of Civil Procedure 16, Plaintiff motions the court to order mediation between the parties.[20] Citing to the benefits of early dispute resolution, Plaintiff contends that a mediation will conserve judicial resources and secure the "just speedy and inexpensive determination" of this action.[21] While not opposed to mediation, Defendant suggests waiting to address the issue of mediation until after the close of fact discovery.[22] The court agrees. Under local rule 16(a), the court may refer a case for a judicial settlement conference as an alternative to adjudication.[23] The court is, however, unlikely to do so in situations where both parties are not amenable to moving forward with a settlement conference. Furthermore, while early settlement negotiations may be beneficial, the timing is such that the parties must be fully appraised of their respective positions before negotiations are truly productive and viable. At this juncture in the case, Plaintiff's motion is premature and therefore DENIED WITHOUT PREJUDICE subject to refiling at a later date if both parties agree to do so.

---

[19] ECF No. 18.

[20] As support for his motion, Plaintiff relies upon Fed. R. Civ. P. 16(c)(2)(1) which allows the court to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions or unusual proof problems".

[21] ECF No. 19 at 1 (citing Fed. R. Civ. P. 1).

[22] ECF No. 23, Defendant's Response to Motion for Mediation.

[23] DUCivR 16-2.

### III. Motion for Extension of Time to Serve Discovery

On October 7, 2025, Plaintiff filed his Motion for a Thirty Day Extension of Time to Serve Discovery Responses.[24] In its response, Defendant withdrew all of its discovery requests (three interrogatories and two document requests) and indicated Plaintiff no longer had any duty to respond to the discovery.[25] Curiously, Plaintiff now objects to the withdrawal arguing a party cannot withdraw its own discovery requests and that an extension of time is needed to "restore procedural balance" in the case.[26] The court disagrees. Defendant is entitled to withdraw its discovery requests and has done so here. Accordingly, Plaintiff's motion seeking additional time to respond to discovery is DENIED as MOOT.[27]

DATED this 30th day of October, 2025.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge

---

[24] ECF No. 22.

[25] ECF No. 24 at 2, Defendant's Response to Plaintiff's Motion for Extension of Time; ECF No. 24-4, Defendant's Withdrawal of Discovery Requests to Plaintiff ("Plaintiff is not required to respond to the discovery requests.").

[26] ECF No. 26 at 1, Plaintiff's Reply to Defendant's Opposition.

[27] To the extent that Plaintiff's Motion for Extension of Time also raises issue with remote depositions and requests for mediation, those matters are addressed above in conjunction with Plaintiff's Motion for Protective Order (ECF No. 18) and Plaintiff's Motion for Mediation (ECF No. 19).