# UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **RODERICK MARTIN GRANT,**<br><br>Plaintiff,<br><br>v.<br><br>**WESTERN GOVERNORS UNIVERSITY,**<br><br>Defendant. | **RULING & ORDER**<br><br>Case No. 2:25-cv-00631<br><br>**District Court Judge Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

Plaintiff Roderick Martin Grant ("Mr. Grant" or "Plaintiff"), proceeding pro se, filed his action against Defendant Western Governors University ("Defendant") on July 31, 2025.[1]

On October 30, 2025, the court issued a Memorandum Decision denying Plaintiff's Motion to appear remotely and requiring him to appear in person for his November 14, 2025 deposition.[2] Shortly thereafter, Plaintiff filed his pending renewed Motion for Protective Order.[3] Relatedly, Plaintiff also filed Motions for Sanctions against the Defendant for failure to meet and confer and for selecting an unreasonable deposition location.[4] As set forth herein, the court considers each of Plaintiff's Motions.

---

[1] ECF No. 1, Complaint.

[2] ECF No. 29, Amended Memorandum Decision and Order.

[3] ECF No. 33, Renewed Motion for Protective Order.

[4] ECF No. 35, Plaintiff's Motion for Sanctions for Defendant's Refusal to Confer Regarding Deposition and Protective Order; ECF No. 37, Plaintiff's Motion for Sanctions for Unreasonable Deposition Location.

## I.   Renewed Motion For Protective Order To Appear Remotely

On November 11, 2025, twelve days after the court issued its Memorandum Decision denying Plaintiff's Motion to appear remotely, Mr. Grant filed a "renewed" Motion once again "seeking permission to appear remotely" for his November 14, 2025 deposition.[5] Given the time frame and Mr. Grant's "supplementation" of evidence, the court construes the renewed Motion as one for relief from judgment pursuant to Federal Rule of Civil Procedure 60.[6]

Relief under Rule 60 is "extraordinary and may only be granted in exceptional circumstances."[7] A Rule 60 Motion allows the court to provide a party relief from judgment for the following reasons: (1) "mistake, inadvertence, surprise, or excusable neglect;" (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered. . . ;" (3) "fraud . . . , misrepresentation, or misconduct by an opposing party;" (4) "the judgment is void;" (5) "the judgment has been satisfied, release, or discharged; it is based on an earlier judgment that has been reversed or vacated; or apply it prospectively is no longer equitable;" and (6) "any other reason that justifies relief."[8]

Construing Mr. Grant's renewed Motion liberally, the court finds Plaintiff fails to identify any exceptional circumstances allowing the court to reconsider its November 11, 2025 ruling. For the most part, Plaintiff's pending Motion rehashes arguments similar to those made in his earlier filing. To the extent that Plaintiff's renewed Motion supplements the record with

---

[5] ECF No. 33 at 1.

[6] Fed. R. Civ. P. 60.

[7] *Lebahn v. Owens,* 813 F.3d 1300, 1306 (10th Cir. 2016) (quoting *ClearOne Communications Inc. v. Bowers,* 643 F.3d 735, 754 (10th Cir. 2011)).

[8] Fed. R. Civ. P. 60(b)(1)-(6).

"individualized factual, medical, and logistical details," the evidence does not qualify as "newly discovered" since Mr. Grant only provides information that was previously available but not raised in his original motion.[9] Plaintiff's assertion that the court's prior ruling was in error or that the court requested further factual development before requiring Mr. Grant to travel to Utah for his deposition is incorrect. In denying Plaintiff's request for a remote deposition, the court properly considered all of the factors presented and did not seek or request any additional information from Mr. Grant.

Accordingly, the court finds no reason to reconsider or set aside its previous ruling and Plaintiff's Motion is DENIED.[10] Defendant's request for attorney fees is denied.

## II. Motions for Sanctions

Next, pursuant to Federal Rule of Civil Procedure 37, Mr. Grant moves for sanctions against Defendant, for failure to meet and confer in good faith about the possibility of Plaintiff testifying remotely and for offering Defendant's counsel's office as the deposition location.[11]

As discussed above, on October 30, 2025, the court denied Mr. Grant's request to appear remotely for his November 14, 2025 deposition.[12] As a result, the issue of Plaintiff's remote testimony has been resolved and, even if substantiated, an alleged failure to meet and confer on

---

[9] ECF No. 33 at 1. *See Lyons v. Jefferson Bank & Tr.,* 994 F.2d 716, 728 (10th Cir. 1993) (quoting *INS v. Doherty,* 502 U.S. 314, 112 S. Ct. 719, 116 L. Ed. 3d 823 (1992) ("Motions to reopen for newly discovered evidence are not favored" and require the presentation of "matter which could not reasonably have been previously adduced.")).

[10] ECF No. 33.

[11] ECF No. 35; ECF No. 37.

[12] ECF No. 29.

issues related the deposition would not, at this juncture, alter the court's decision. Moreover, Federal Rule 37 does not apply to how depositions are conducted, and the rule imposes no obligation on Defendant to confer about duly noticed depositions.

Given Defendant's contention that the parties met and conferred over these issues at the September 12, 2025 attorney planning conference, it seems that Plaintiff's actual focus in on Defendants' failure to agree to his requests. "[I]nflexible conduct" in failing to accede to Plaintiff's request to appear remotely, however, does not serve as grounds for monetary sanctions and an opposing party's failure to agree to specific accommodation requests is not a sanctionable offense.[13]

For these reasons, Plaintiff's Motion for Sanctions For Refusal To Confer and Motion for Sanctions for Unreasonable Location are DENIED.[14]

## ORDER

For the reasons stated, Plaintiff's Renewed Motion for Protective Order to Appear Remotely,[15] Plaintiff's Motion for Sanctions for Refusal to Confer,[16] and Plaintiff's Motion for Sanctions for Unreasonable Deposition Location[17] are DENIED.[18]

---

[13] ECF No. ECF No. 35 at 3.

[14] ECF No. 35; ECF No. 37.

[15] ECF No. 33.

[16] ECF No. 35.

[17] ECF No. 37.

[18] Given Plaintiff's pro se status, the court concludes there are circumstances that make an award of reasonable expenses unjust, and denies Defendant's requests for attorney fees at this time. The court acknowledges that pro se status, by itself, does not shield Mr. Grant from an award of reasonable expenses and "[w]hile Plaintiff's pro se status will not necessarily protect [him] from sanctions in the

DATED this 11th day of December, 2025.

BY THE COURT:

_____
Dustin B. Pead
United States Magistrate Judge

---

future, in this instance it does." *Alphonsis v. Century Regional Detention Facility,* 2020 U.S. Dist. LEXIS 259086, at *4 (C.D. Cal. Oct. 28, 2020).